FILED
U.S. DISTRICT COURT

206 MAY 19 PM 3: 54

CLERK_____
S. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV606-49 |
| | ) | |
| FNU JACKSON, Counselor; | ) | |
| HUGH SMITH, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Georgia State Prison, has submitted a complaint pursuant to 42 U.S.C. § 1983 alleging that he is a "victim of criminal false imprisonment;" that he has been denied access to the courts because of restrictions on legal correspondence material, postage, and the services of a notary; and that prison officials are attempting to murder him. As in all of his many prior cases, plaintiff requests to proceed *in forma pauperis*.

Plaintiff readily concedes that he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g), which generally precludes a prisoner from bringing a civil action *in forma pauperis* if three or more of his prior actions

have been dismissed as frivolous.  Doc. 1 at 1.  Plaintiff argues that the three strikes sanction should not apply to him because he is in imminent danger of physical injury.  He further argues that the provisions of 28 U.S.C. § 1915(g) are unconstitutional and that he is entitled to proceed with this action even if he is not in imminent danger.  These arguments are without merit,  and this complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

Under the current version of the IFP statute, a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision of § 1915(g) must pay the complete filing fee when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  Therefore, the proper procedure for a district court faced with a prisoner who seeks *in*

2

*forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff here is a frequent filer in the federal courts, having instituted at least *fifty-five* various actions in the Northern and Southern Districts of Georgia since 2001.[1]   More than three of these complaints have been dismissed under §1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant.[2]   <u>See</u>, <u>e.g.</u>, <u>Skillern v. Tierce</u>, No. 03-11529-B (11th Cir. Sept. 22, 2003) (dismissing appeal as frivolous); <u>Skillern v. Moss</u>, No. 03-10500-I (11th Cir. June 3, 2003) (dismissing appeal as frivolous);  <u>Skillern v. Ga. Dep't of Corr.</u>, CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissing for failure to state a claim); <u>see also</u> <u>Skillern v. Paul</u>,

---

[1]Plaintiff originally filed his many suits in the Northern District of Georgia.  In 2003, the Northern District sought to quell his seemingly endless frivolous filings by instituting a filing ban.  <u>Skillern v. Becky Tierce</u>, CV 202-0106-RWS, doc. 102, p. 5 (N.D. Ga. Oct. 22, 2003).  While plaintiff continues to file actions in the Northern District, he has also burdened this Court with thirteen new cases since late 2003.

[2]To underscore the volume of plaintiff's complaints, the Court notes that plaintiff has had at least twelve § 1983 cases dismissed as frivolous and at least sixteen dismissed pursuant to § 1915(g) since 2002 in the Northern and Southern Districts of Georgia.

CV606-6, doc. 4 (S.D. Ga. Feb. 17, 2006) (dismissing case based on three strikes provision). Plaintiff has clearly exceeded the number of "strikes" allowed under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's complaint must be dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The Eleventh Circuit has construed this exception to require specific allegations of present imminent danger that may result in serious physical harm. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Margiotti v. Nichols, 2006 WL 1174350, *2 (N.D. Fla. May 2, 2006) ("General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).") (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). General and conclusory allegations are not sufficient to establish the imminent threat of serious physical harm. See Brown, 387 F.3d at 1350 (citing Martin, 319 F.3d at 1050 (plaintiff alleged that prison officials were attempting to kill

4

him by forcing him to work outside in extreme temperatures when they knew he had blood pressure problems)).

Plaintiff's complaint alleges that he is in imminent danger of physical injury because the deprivation of his right to access the state courts "has and will again cause heart attacks." Doc. 1 at 3. Plaintiff presents no support whatsoever for this bold assertion. Plaintiff mentions prior heart attacks, which he claims were caused by the stress of prior prison transfers. Plaintiff also states that he "has had to be hospitalized on six occassions (sic) in free world hospitals for heart attacks." Id. Plaintiff does not allege that his prior heart attacks were related in any way to his perceived denial of access to the courts. Plaintiff offers no factual support for his argument that deprivation of access to courts through restrictions on postage or writing material will lead to a heart attack. Nor does such a contention have the ring of plausibility. Plaintiff, therefore, has not made the type of specific allegation necessary to fall within the imminent injury exception. Because plaintiff has not demonstrated even a remote possibility that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

5

Plaintiff alternatively argues that 28 U.S.C. § 1915(g) is unconstitutional. Plaintiff is not the first abusive prisoner litigant to argue this position. This Court is bound to follow the precedent of the Eleventh Circuit upholding the constitutionality of 28 U.S.C. § 1915(g). See Rivera v. Allin, 144 F.3d 719, 726-28 (11th Cir. 1998) (finding § 1915(g) does not violate due process or equal protection).

"[P]laintiff makes a 'conclusory' allegation that he is in imminent danger of serious physical injury. This is insufficient to demonstrate that plaintiff is, in fact, in imminent danger of physical injury. What it demonstrates is that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends." McNeil v. United States, 2006 WL 581081, *3 n.3 (W.D. Wash. March 8, 2006) (internal quotes omitted). Accordingly, plaintiff's motion to proceed without prepayment of fees is **DENIED** and his complaint should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this _19ᵀᴴ_ day of May, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA